18-5107 Michael A. Willner, N.L. Appellants v. Jason J. Dimon Individually as President and CEO of J.P. Morgan Chase Bank, N.A. and L. Mr. Willner for the Appellants, Mr. Watson for Appellate Leads, FDIC and L. May it please the Court, Michael Willner, Pro Se, Appellant Marguerite Willner, my wife, Pro Se, joins in my argument. The District Court for D.C., the D.D.C., committed reversible error by applying the Doctrine of Issued Preclusion to support its judgment that it lacks subject matter jurisdiction over our claims against Appellees. The D.D.C. acknowledged that it might well agree with our persuasive arguments that our inability to obtain judicial review of our claims implicates grave due process concerns. It also noted that the Fourth Circuit's holding in Willner 1 was avowedly severe and contrary to this Court's analysis in Freeman v. FDIC. Whether it's right or wrong, it is a judgment of the Fourth Circuit. We don't see it as a court of review for the Fourth Circuit. Why is that not res judicata, at least issue preclusion? Correct, Your Honor. In issue preclusion, the determinations by the Fourth Circuit that to which issue preclusion would apply had to be necessary and they had to be the same issues. In this case, the determinations that the D.D.C., to which the D.D.C. applied issue preclusion were not necessary to the Fourth Circuit's judgment that it lacked, that the Eastern District of Virginia, the EVA, lacked subject matter jurisdiction or that our due process was violated thereby. Why wasn't it necessary? Well, it wasn't necessary because once the Fourth Circuit determined that the claims were functionally against Washington Mutual, then it lacked jurisdiction, subject matter jurisdiction, and there was no due process violation. There are only two court, prior to seeking it. Did the Fourth Circuit ever mention the statute's venue procedures? It did not. It didn't mention the venue procedure. But in the oral argument, it asked the ---- No, but in the opinion. We're bound. We have to look at the opinion. Yes. In the opinion, it didn't ---- I'm just asking you. I didn't ---- I'm sorry. I didn't see anything in the opinion that suggested the Fourth Circuit's decision turned on the venue provisions of the statute. Correct. It didn't ---- Is that wrong? It didn't expressly say that it turned on the venue, but it did say that it lacked subject ---- It did rule, in fact, it ruled that it lacked jurisdiction because the claims were functionally against Washington Mutual. And once it made that decision, that determination, it lacked jurisdiction regardless of anything else. And so this determination that it made that we had to file our claims prior to the bar date was totally unnecessary. Your theory is that there were two possible jurisdictional bars and that we shouldn't apply issue preclusion because the court ---- with regard to the ground that the court rested on, because the court could have but did not rest on a different ground. No, Your Honor. That's not my contention. Sure it is. You just said they could have written an opinion resting on the venue provision, and that possibility makes what they did say unnecessary to the judgment. No, I'm sorry, Your Honor. What I was saying was that their decision that we did not have to file, that we were required to file prior to the bar date, was not necessary to its determination that the EDVA lacked subject matter jurisdiction. But its determination was based on the bar date, wasn't it? Didn't the Fourth Circuit rely on the bar date in its opinion? But it did not necessarily rely on it, Your Honor. So isn't that what Judge Katz is asking? You're saying that because they could have gone on another ground, we should not apply issue preclusion to the ground they went on? No, Your Honor. The ground that they went on, it's not that they could have. They did. They determined that the EDVA lacked jurisdiction because our claims were deemed to be functionally against Washington Mutual. So it made that determination. In fact, it had to make that determination. If it didn't make that determination, FIREA wouldn't have been applicable whatsoever. So once it determines that it lacks subject matter jurisdiction, that brings the claims within the ones that are subject to FIREA. Correct, Your Honor. And then you could go down one of two paths. Either they filed in the wrong court, which is the opinion that would have been better for you here, or the opinion that they wrote, which says, and therefore you're out of court because there's no discovery rule. No, Your Honor. They said we were out of court because the claims were deemed against Washington Mutual. And it expressly stated. And therefore subject to exhaustion. And then the key part of the holding is that that is not tempered by a discovery rule that tolls claims. Except, Your Honor, that once they made the decision that they lacked jurisdiction, the determination that we had to file prior to the bar date had nothing to do with the jurisdiction. In fact, if he had ruled the opposite, they had said, no, you did not have to file prior to the bar date, EDVA still wouldn't have had jurisdiction over our claims. So that's pluperfect support that it was an unnecessary determination because it could have gone either way. He could have said, yes, you did not have to file prior to the bar date, and the EDVA still would not have had jurisdiction. Nothing could be more unnecessary than that, Your Honor. But again, that's what they could have done. It's not what they did do, is it? No, what they did do, Your Honor, was that they determined that the EDVA lacked jurisdiction because our claims were functionally against Washington Mutual. It's not that they could have. They did. They made that determination. That was their threshold, dispositive determination. They could have stopped right there, and they should have stopped right there. All the other determinations they made, not only were they unnecessary, they were irrelevant because they could have decided the opposite. Every other determination other than our claims were deemed to be against Washington Mutual, they could have ruled opposite the way they did, and the EDVA still would not have had jurisdiction over our claims. Again, nothing could be more unnecessary than that, Your Honor. If they just had concluded that the claims were functionally against Washington Mutual, they couldn't have stopped their analysis at that point. They needed an extra step. Actually, I don't believe they did, Your Honor, because once they said it was against Washington Mutual, they couldn't have jurisdiction. No court has jurisdiction against Washington Mutual if you don't go through the administrative process. So once they made the decision that it's against Washington Mutual, they had no jurisdiction because we hadn't gone to the FDIC yet. And then once they determined that it was functionally against Washington Mutual, even if we had gone against the bar, filed before the bar, they still wouldn't have had jurisdiction. So once they ruled that we were functionally against, our claims were functionally against Washington Mutual, it could have stopped right there. There was no way, nothing else they said would have changed the determination. I mean, they would have either had to say, and therefore, the venue provision cinches things up, or, and therefore, you didn't timely exhaust. And they said the latter. But the timely exhaust was irrelevant. Even if we had timely exhausted, they still wouldn't have had jurisdiction. So how could that be relevant? And even if you had filed in a court with venue, you wouldn't have exhausted. I mean, they're independent grounds. Yeah. No, no, Your Honor. Even if we, I'm sorry, even if we had filed with a court that had venue, it wouldn't have had venue because we hadn't filed by the bar date. We had to go to the FDIC first. No, it wouldn't have had jurisdiction. Excuse me, Your Honor? It wouldn't have had jurisdiction. No court had jurisdiction over claims functioning against Washington Mutual Bank without our first seeking administrative review. So no court had jurisdiction at the time that we filed the claims with the EDDA. And then once the, again, once the court determined that we were functioning against Washington Mutual and we hadn't gone to the FDIC, there were no, no court had jurisdiction. And then once we filed with the FDIC, there were only two courts, that's the venue provision, Your Honor, that you mentioned. Once we did file, which was after the EDDA's decision but before the Fourth Circuit's decision, once we did file that, the EDDA still could never have jurisdiction over any claims against Washington Mutual because only two courts in the country have jurisdiction. That's the D.C. and not the would-be headquarter. So, again, everything decided, every determination made, after the court determined that the claims were deemed to be functioning against Washington Mutual, everything else was unnecessary. That already made a decision. Okay. Thank you, Your Honor. Thank you. You've used up your time. We'll hear from the FDIC. Good morning, and may it please the Court, I'm Scott Watson. I'm here representing the FDIC as the receiver for Washington Mutual Bank. I'll be representing all of the appellees, but counsel for Mr. Diamond and Chase, as well as counsel for U.S. Bank and SPS are in the courtroom if you'd like to pose any questions directly to them. I don't believe those questions would be necessary. I'm going to focus on two issues. The first is I will directly address why the Fourth Circuit necessarily determined the dispositive issues in this case with regard to jurisdiction. But then I'll also explain briefly, if I can, why the Court shouldn't be concerned about tolling issues, equitable estoppel, or due process, because on the face of the complaint, these claims could have been brought prior to the bar date and were required to be brought prior to the bar date. As to the Fourth Circuit's determination. If we decide that we cannot overrule, as it were, or ignore the Fourth Circuit's decision on the ultimate ground of the decision, we don't get to any of that, do we? We simply say that they're precluded by the Fourth Circuit's decision. That's right, Your Honor. The Fourth Circuit's decision here is dispositive and should be afforded preclusive intent. As the face of the decision makes clear, the Court necessarily reached its determination with regard to jurisdiction to determine if the Eastern District's dismissal on the basis of jurisdiction was proper. When Mr. Wilner argues that upon determining that all the claims were functionally against Washington Mutual Bank, the inquiry ended there, he's got it exactly backwards. Based on the arguments that the Wilners made to the Fourth Circuit, that was where the analysis started as to jurisdiction. I point the Court to Joint Appendix 706 and Joint Appendix 673. There, we've excerpted portions of the Fourth Circuit brief that make clear that the argument being demanded, really, to be considered by the Fourth Circuit on behalf of the Wilners was that even if they were functionally against Washington Mutual Bank, there was an impossibility of meeting the bar date. They should have been entitled to be excused from the bar date. And if they were not, grave due process implications arose. And relying on Fourth Circuit authority, they argued that those due process concerns should lead the Fourth Circuit to find that the claims process did not apply to these claims. Before we get to the briefs, can you locate that holding in the text of the Fourth Circuit's opinion? Because, I mean, there's language here that's helpful for your position, but what was before the Fourth Circuit was an unexhausted claim. With all due respect, Your Honor, the Wilners intentionally made clear that they had filed an administrative claim with the FDIC. While the case was ongoing. Prior to briefing in the Fourth Circuit. And they indeed argued in their brief that the FDIC's disallowance should be evidence that due process required that these claims not be subject to exhaustion at all and not be subject to the bar date. What's not clear to me from this, unless I'm missing something, is the Fourth Circuit could either have said, okay, we are looking at the post-complaint developments that we've been apprised of. We now have an exhausted claim. We're going to decide the case on the assumption that the claim is fully exhausted. And that makes the Fourth Circuit case exactly like this one. Or they could have just decided this based on the facts that existed at the time of the filing, which was the claim was unexhausted. If you don't exhaust, there's no jurisdiction. Everyone agrees with that. But that doesn't necessarily tee up the question of the bar date. Your Honor, I don't believe that that's correct. Their argument was we could never have complied with the bar date. We should be excused from missing the bar date due to the supposed impossibility. I take your point. You might win if we drill down into the brief. So I'm just asking, can we find all of that on the face of the opinion? I think the face of the opinion does say that they failed timely to file an administrative claim despite notice of the appointment of the receiver, that the rule for timely submission of a claim and timely exhaustion is jurisdictional, that they had failed timely to file a claim, that there was no discovery rule or other impossibility exception to the time requirement in the bar date, and that there were no due process concerns raised by that because Congress had established the limited exceptions under which you were not subject to the bar date and they could not meet those. So those were the jurisdictional determinations that the Fourth Circuit made, and they're the ones that are entitled to preclusive effect here because the only arguments that the Wilmers make on their own behalf in favor of jurisdiction are, when subject to the, even if, that they're not subject to the administrative claims process, that's gone. They've embraced that they are, but that they could not timely file their claims and should have been subject to a discovery or equitable tolling exception, and if they weren't, they were entitled to have their claim considered de novo by a court because of due process concerns. That's the argument that was raised and made to the Fourth Circuit, and I submit that it is apparent on the face of the Fourth Circuit's opinion that all of those issues were reached. During questioning Mr. Wilner, the question... They frame it. That makes sense in terms of what was before the court, but just looking at the relevant section of the opinion, they frame things in terms of exhaustion rather than bar date. If those terms were used, by their discussion of the discovery rule and the arguments raised by the Wilners in favor of that, the impossibility of meeting the bar date, I think they necessarily had to get to failure to meet the bar date as the basis for a lack of jurisdiction, and it was not enough that there was a separate impediment to jurisdiction, and it's no surprise that the Court of Appeals in the Fourth Circuit reached the threshold issue. Did you timely file a claim? It's only if there was a timely claim filed that the question of de novo review or determination of the claim comes into question, and this Court, in the case of Marshall v. Local Union No. 639, at 593 F. 2nd, 1297, at 1301, the court wasn't in that case required to consider one jurisdictional argument or impediment before another. In that case, it was standing and a subject matter jurisdiction question on the basis of the statute, and this court held that it was proper to consider the subject matter jurisdiction question prior to the standing question and that there wasn't a requirement to reach one before the other and certainly because there was a possible additional impediment to jurisdiction doesn't mean that the decision that the Fourth Circuit rendered with regard to one of the impediments shouldn't be entitled to preclusive effect. Just very quickly, because the Willners create the impression that they could not have brought their claim and that due process is implicated and the court shouldn't be concerned about that, the discovery rule or the equitable tolling exception requires that despite all due diligence, they were unable to obtain vital information. The discovery rule would accept them if they were unaware of the existence of an injury and cause, in fact, and some evidence of wrongdoing. The face of the complaint makes clear that they knew or should have known of this supposed fraud on them by Washington Mutual Bank and could have raised it by the bar date. Indeed, they should have known at the time they closed on the loan. They also, all of their claims are pre-bar date claims that could have been brought and that rely on pre-bar date damages in part or a declaratory judgment looking to future harm. All of those could have been brought prior to the bar date and they argue that they would never have entered into the contract and they were injured because they couldn't monetize their equity at the time of closing. We urge the court to affirm the district court. Thank you. Thank you. Mr. Willner, you are out of time, but you can have a minute. Thank you, Your Honor. I think it's important to note, Your Honor, that if they had just decided, if the Fourth Circuit had just decided that you missed the bar date and therefore the Eastern District of Virginia does not have jurisdiction, that would be wrong because if they didn't first determine that our claims were against Washington Mutual, then we didn't even have to deal with the bar date, we didn't have to do administrative exhaustion. Why doesn't that bring us to what counsel suggested, that there are two alternate grounds and the Fourth Circuit made two alternate votes. And the reason it's not... And therefore, either of them could be rescued. Except that the reason it couldn't be an alternate ground is because the bar date issue could not stand alone. If they ruled on the bar date issue as a standalone, it wouldn't work. Thank you, counsel. Thank you, Your Honors. Thank you both. The case is submitted. You want to call the next case, please?
judges: Tatel, Katsas, Sentelle